THE STATE, DEFENDANT IN ERROR, v. MOLLIE MONETTI, PLAINTIFF IN ERROR.

Submitted March 26, 1917—Decided June 18, 1917.

Parol evidence that a certain person was foreman of the grand jury and administered the oath to defendant as such foreman at a session of the grand jury, is competent on the trial of an indictment for perjury before the grand jury, as evidence that he was in fact such foreman.

On error to the Supreme Court.

For the plaintiff in error, *Anthony R. Finelli.*

For the defendant in error, *J. Henry Harrison.*

The opinion of the court was delivered by

PARKER, J. Plaintiff in error was convicted of perjury in falsely swearing before the grand jury of Essex county. At the trial it was objected that there was no proof of the administration of the oath to her by anyone competent to administer it. The clerk of the grand jury was then called and testified that the oath was administered (giving its language) by one T. F., who was then foreman of the grand jury.

This was sufficient. The question whether perjury can be assigned upon an oath taken before a *de facto* officer need not be considered. See *Izer* v. *State,* 77 *Md.* 110; 26 *Atl. Rep.* 282. In this state there is a line of cases holding that parol evidence that one is a public officer, or that he was acting as such, is *prima facie* evidence of his tenure of the office without resort to his written authority so to act. *Den, ex dem. Lee,* v. *Evaul,* 1 *N. J. L.* 286; *Den* v. *Pond, Id.* 379; *Stout* v. *Hopping,* 6 *Id.* 125; *Gratz* v. *Wilson, Id.* 419 (justice of United States Supreme Court); *Brewster* v. *Vail,* 20 *Id.* 56 (sheriff); *Conover* v. *Solomon, Id.* 295 (justice of the peace); *Reeves* v. *Ferguson,* 31 *Id.* 107 (overseer of the poor); *Vandegrift* v. *Meihle,* 66 *Id.* 92 (official chemist); *State* v. *Reilly,* 88 *Id.* 104 (justice of the peace). We see no reason for excepting a foreman of the grand jury from the operation of this rule. There was no attempt to rebut the evidence, but the court was asked to direct an acquittal. This was rightly denied.

The other point argued in the brief (there was no oral argument) relates to a portion of the charge not challenged by any assignment of error or cause for reversal under the statute, and therefore requires no consideration.

The judgment of the Supreme Court affirming the conviction is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.